<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WALTER MEDLEY, ET. AL., | |
| Plaintiffs, | Civ. No. 07-1580 (DRD) |
| v. | <u>**O P I N I O N**</u> |
| FREIGHTLINER LLC, ET. AL., | |
| Defendants. | |

*Appearances by:*

LEONARD & LEONARD, P.A.
by: Scott G. Leonard, Esq.
165 Washington Street
Morristown, NJ 07960

    *Attorneys for Plaintiffs,*

HANLON, BOGLIOLI & HANLON, P.C.
by: Richard J. Mirra, Esq.
523 Raritan Center Parkway
PO Box 6147
Edison, NJ 08818

    *Attorneys for Defendants.*

<u>**DEBEVOISE, Senior District Judge**</u>

    Plaintiffs Walter and Bobbye Medley move for reconsideration of the Court's June 1,

2009 Opinion and Order granting summary judgment on their design defect and failure to warn

claims in favor of Defendants Freightliner LLC ("Freightliner") and Penske Truck Leasing

("Penske"). In doing so, Plaintiffs do not present any new evidence or arguments, but contend that the Court erred in ruling (1) that Freightliner's failure to include a step at the base of the battery box of the Freightliner model FLD120 truck from which Mr. Medley fell on May 11, 2005 was not the cause in fact of that fall, and (2) the risk of falling from the platform was open and obvious, and the warnings affixed to the truck were adequate to serve notice of that risk. For the reasons set forth below, Plaintiffs' arguments are unavailing. Therefore, their Motion for Reconsideration will be denied.

## I.  BACKGROUND

This case arises out of injuries suffered by Mr. Medley after falling off a Freightliner truck. The procedural history of the litigation and facts underlying Plaintiffs' claims are laid out in detail in the Court's June 1, 2009 Opinion. In order to provide context for the current ruling, the Court repeats below some of the pertinent facts summarized in that Opinion.

**A.  Mr. Medley's Fall**

Mr. Medley is a tractor trailer truck operator employed by CBF Trucking, Inc ("CBF"). While stepping to the ground from the platform behind the cab of the Freightliner model FLD120 truck he was operating on May 11, 2005, Mr. Medley fell and sustained injuries. Arguing that his fall was caused by a design defect – Freightliner's failure to include a step at the base of the battery box situated next to the deck platform where drivers were required to stand in order to connect pneumatic brake lines to the back of the truck cab – Mr. Medley and his wife, Bobbye Medley, filed a suit in the Superior Court of New Jersey on February 22, 2007 asserting tort claims against Defendants for design defect and failure to warn.[1] Based on diversity of citizenship, Defendants removed the action to this Court on April 4th of that year.

---

[1] Plaintiffs originally named as defendants Freightliner Corporation, Freightliner LLC, DaimlerChrysler Corporation, Penske Truck Leasing, and various fictitious companies and

The truck from which Mr. Medley fell was a Freightliner FLD120, model year 1996. Beginning in 1997, Freightliner changed the design of its FLD120 truck to move the fuel tanks, which hang just below the driver's-side door of the vehicle and extend backward behind the cab for varying distances depending on their size, forward by half an inch and add a step at the base of the battery box. According to the Defendants, the latter change resulted automatically from the former pursuant to the standardized program of "compatibility rules" that Freightliner followed when designing trucks. Thus, all FLD120 trucks manufactured after 1997 included a step at the base of the battery box, while the truck from which Mr. Medley fell – which was built in 1996 – did not.

At the time of his accident, Mr. Medley had been operating tractor trailers for almost forty years, four of which were spent at CBF. Mr. Medley's regularly-assigned CBF truck was a Freightliner FLD120 manufactured after 1997, and thus was equipped with a step at the base of the battery box. On the morning of the accident, however, Mr. Medley was informed that his vehicle was undergoing maintenance and was instructed to use a replacement vehicle. That truck, a Freightliner FLD120 manufactured in 1996, did not have a step at the base of the battery box. Rather, it had steps attached to the fuel tank just below the driver's-side door, while the battery box bore a decal reading "[w]arning, not a step."

Before leaving CBF headquarters the day of his accident, Mr. Medley completed an inspection of his replacement vehicle. In doing so, he noted the lack of a step at the base of the battery box. (Medley Dep. 63:5-17, Jan. 9, 2008.). After a few hours, however, he forgot that he was not driving his usual truck. (Id. at 77:7-17.) While on a delivery, Mr. Medley ascended the

---

individuals. The claims against DaimlerChrysler Corporation were dismissed pursuant to a stipulation of the parties on September 28, 2007. Freightliner Corporation no longer exists, having been restructured into Freightliner LLC. Therefore, the only two remaining non-fictitious defendants are Freightliner LLC and Penske Truck Leasing.

platform at the back of the truck cab in order to attach pneumatic brake lines. Under the assumption that there was a step at the base of the battery box, Mr. Medley attempted to climb down from the platform by stepping backward off the box. When his foot met only air, he lost his balance and fell to the pavement below.

**B.  June 1, 2009 Opinion**

On March 26, 2009, Freightliner and Penske moved for summary judgment on both of Plaintiffs' claims. With respect to the design defect claim, Defendants contended that summary judgment was appropriate because Mr. Medley's conduct – in assuming that the truck he was operating the day of the accident had a step at the base of the battery box and stepping off the platform without verifying that such a step existed – was the "sole proximate cause of the accident." Defendants' argument relating to the failure to warn claim was premised on their twin contentions that (1) the risk of falling off the platform was obvious, and (2) the decal affixed to the battery box stating "[w]arning, not a step" gave adequate notice of that risk.

After reviewing the submissions of the parties and hearing oral argument, the Court on June 1, 2009 issued an Opinion and Order granting Defendants' Motion for Summary Judgment and dismissing Plaintiffs' design defect and failure to warn claims. In addressing the design defect claim, the Court examined the testimony of Plaintiffs' expert, Gabriel G. Alexander. Mr. Alexander, an engineer with experience in the design and maintenance of tractor trailers, concluded in his report that the means of accessing the platform behind cab of the truck in question – two steps affixed to the fuel tank just below the driver's side door of the truck – did not comply with industry standards at the time the vehicle was manufactured, including those promulgated by the Society of Automotive Engineers. That conclusion was premised on three findings: that (1) protruding brackets at the rear of the top fuel tank step posed a tripping hazard

4

for users taking the required lateral step to the back-of-cab platform, (2) the gap between the top fuel tank step and the platform was, at 30 inches, unreasonably large, and (3) the fuel tank steps were too narrow. Thus, the Court noted that, while Plaintiffs' expert stated in his report that the truck from which Mr. Medley fell was defective, he "did not do so on the basis that there was no step at the base of the battery box. Rather, Mr. Alexander took issue with the fact that the steps affixed to the truck's fuel tanks had protruding brackets that posed a tripping hazard and were situated too far from the platform behind the vehicle's cab."[2] Medley v. Freightliner, 2009 WL 1562239 at * 5 (D.N.J. 2009).

In addition to Mr. Alexander's expert report, the Court in determining whether the truck was defective considered as evidence the regulation on "truck and truck-tractor access requirements" promulgated by the Occupational Health and Safety Administration ("OSHA"). That rule states that "[a]ny person entering or exiting the cab or accessing the rear portion of a … truck or truck-tractor shall be afforded sufficient steps and handholds, and/or deck plates to allow the user to have at least 3 limbs in contact with the truck or truck-tractor at any time." 49 C.F.R. 399.207(a). Moreover, the "distance between steps" must be small enough to "provide any person a stable resting position which can be sustained without body motion and by exerting no more than 35 percent of the person's body weight per grasp during all stages of entry and exit." 49 C.F.R. § 399.207(b)(2). The Court stated in its opinion that "[i]mportantly, the OSHA

---

[2] Plaintiffs argue in the pending motion that Mr. Alexander testified at deposition that Freightliner's failure to include a step at the base of the battery box rendered the truck defective. In so doing, Plaintiffs conflate the concepts of defect and remediation. Mr. Alexander concluded in his testimony and report that the back-of-cab access on the truck from which Mr. Medley fell was defective because of (1) the tripping hazard posed by protruding brackets at the rear of the top fuel tank, (2) the gap between the fuel tank step and the platform was unreasonably large, and (3) the fuel tank steps were too narrow. The inclusion of a step at the base of the battery box would have alleviated those defects. As discussed below, however, the defects alleged by Mr. Alexander could have been remediated by multiple configurations that would not have included a step at the base of the battery box. Thus, Freightliner's failure to include such a step did not, in and of itself, render the truck defective.

regulation does not require that steps be included on any particular part of the truck or that the operator be given multiple points of access to the platform at the rear of the cab." Medley, 2009 WL 1562239 at * 5.

     Based on Mr. Alexander's report and the OSHA regulation, the Court found that the truck was defective insofar as "[t]he 30-inch distance between the top step and the back-of-cab platform, coupled with the brackets at the rear of the top step, created an unreasonable risk that users would fall from the vehicle." Id. at *6. The Court explained, however, that the defects in the back-of-cab access system on the truck from which Mr. Medley fell were unrelated to the question of whether Freightliner had a duty to include a step at the base of the battery box. While such a step would have alleviated those defects, they could have been corrected by various other means, including (1) "removing the brackets at the end of the top of the fuel tank and extending that step backward in order to decrease the distance between in and the platform," (2) "install[ing] steps on another part of the truck chassis," or (3) "install[ing] a deck plate at the top – but not the base – of the battery box." Id. In any of the three aforementioned cases, the truck would not have been defective, but would not have included a step at the base of the battery box; Mr. Medley still would have fallen and suffered injuries when he stepped backward off the box. Therefore, the Court found that "the defects in the truck's back-of-cab access system were not a cause in fact of Mr. Medley's injuries," and granted summary judgment on Plaintiffs' design defect claim. Id. (citing Fedorczyk v. Caribbean Cruise Lines, Ltd., 82 F.3d 69, 74 (3d Cir. 1996) (Under New Jersey law, the plaintiff in a design defect action "must introduce evidence which provides a reasonable basis for the conclusion that it was more likely than not that the negligent conduct of the defendant was a cause in fact of the injury.")).

Turning to Plaintiffs' failure to warn claim, the Court found that summary judgment was appropriate because (1) the risk of falling from the top of the truck platform to the ground was "open and obvious," and (2) a decal affixed to the top of the battery box, which stated "[w]arning, not a step," gave adequate notice of that risk. In support of that holding, the Court noted that "Mr. Medley admitted in his deposition testimony that he knew there was no step at the base of the battery box of the vehicle he was driving the day of the accident and was aware of the danger of falling from the platform." Id.  Additionally, "Mr. Medley testified that he would have noticed the decal and heeded its warning if he had looked down before stepping off the battery box." Id.

## II.  DISCUSSION

In support of their Motion for Reconsideration, Plaintiffs argue that the Court erred by granting summary judgment on their design defect and failure to warn claims.  With respect to the former, Plaintiffs contend that "it was an error to find as a matter of law that the defect[s in the truck's back-of-cab access system] were not the proximate cause of the accident and that decision should be left for a jury to determine."  Regarding the failure to warn claim, Plaintiffs restate their previous argument that the danger of falling from the battery box was not open and obvious and the decal affixed to the truck did not give sufficient warning of that risk.  Both arguments are premised on a fundamental misunderstanding of the applicable law, and appear to be an impermissible attempt to relitigate issues that were settled by the Court's June 1, 2009 ruling.  Therefore, Plaintiffs' motion will be denied.

### A.  Standard of Review

"[I]t is well-established in this district that a motion for reconsideration is an extremely limited procedural vehicle." Resorts Int'l v. Greate Bay Hotel & Casino, 830 F. Supp. 826, 831

7

(D.N.J. 1992).  As such, a party seeking reconsideration must satisfy a high burden, and must "rely on one of three major grounds: (1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct clear error of law or prevent manifest injustice."  North River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995).

Since the evidence relied upon in seeking reconsideration must be "newly discovered," a motion for reconsideration may not be premised on legal theories that could have been adjudicated or evidence which was available but not presented prior to the earlier ruling.  See Id.  Local Civil Rule 7.1(i), which governs such motions, provides that they shall be confined to "matter[s] or controlling decisions which the party believes the Judge or Magistrate Judge has 'overlooked.'"  The word "overlooked" is the dominant term, meaning that except in cases where there is a need to correct a clear error or manifest injustice, "[o]nly dispositive factual matters and controlling decisions of law which were presented to the court but not considered on the original motion may be the subject of a motion for reconsideration."  Resorts Int'l, 830 F. Supp. at 831; see also Egloff v. N.J. Air Nat'l Guard, 684 F. Supp. 1275, 1279 (D.N.J. 1988); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159 (D.N.J. 1988); Pelham v. United States, 661 F. Supp. 1063, 1065 (D.N.J. 1987).

**B.  The Pending Motion**

Plaintiffs do not allege that there has been any change in the controlling law since the Court's June 1, 2009 Opinion, and have not presented any new evidence that was not available prior to that ruling.  Therefore, Plaintiffs must demonstrate "the need to correct clear error of law or prevent manifest injustice" in order to prevail.  They have failed to do so.

8

### *i.    Design Defect*

The main argument asserted by Plaintiffs in claiming that the Court erred by granting summary judgment on their design defect claim – that the issue of "proximate cause" should have been left to a jury – relies on a misconstruction of the June 1, 2009 Opinion and applicable case law.  The Court did not rule that Freightliner's failure to include a step at the base of the battery box was not the "proximate cause" of Mr. Medley's injuries, but rather that it was not the "cause in fact," or but-for cause.  Medley, 2009 WL 1562239 at * 6.  It is well-established that a plaintiff asserting a claim for design defect under New Jersey law "must introduce evidence which provides a reasonable basis for the conclusion that it was more likely than not that the negligent conduct of the defendant was a cause in fact of the injury."  Fedorczyk, 82 F.3d at 74 (affirming grant of summary judgment on basis that plaintiff did not establish cause in fact); see also Jurado, 619 A.2d 1312, 1317 (N.J. 1993) (In order to prevail on a design defect claim, the plaintiff must prove that "the defect caused the injury to a reasonably foreseeable user.").  Thus, a grant of summary judgment in favor of the Defendants if the Court ruled that no reasonable juror could find that the defects in the truck – the 30-inch distance between the top step and the back-of-cab platform, along with the brackets at the rear of the top step – were the cause in fact of Mr. Medley's injuries.  See, e.g., Fedorczyck, 82 F.3d at 74 (stating that summary judgment is appropriate when evidence relating to causation is so weak that any finding by a jury that the defect in question caused the injury would be speculative); Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (Summary judgment is warranted when there is no "genuine issue," and "[a]n issue is genuine only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party.").

Plaintiffs in their Motion for Reconsideration appear to confuse the Court's ruling in its June 1, 2009 Opinion that the back-of-cab access to the truck that Mr. Medley was driving the day of his injury was defective – due to the unreasonable amount of space between the top step and the platform and the tripping hazard posed by the brackets at the rear of the top step – with a finding that Freightliner was negligent in failing to include a step at the base of the battery box. The Court made no such finding. To the contrary, the June 1, 2009 Opinion contains three examples of ways that the truck's defects could have been remediated without including such a step: (1) "removing the brackets at the end of the top of the fuel tank and extending that step backward in order to decrease the distance between it and the platform," (2) "install[ing] steps on another part of the truck chassis," or (3) "install[ing] a deck plate at the top – but not the base – of the battery box." Medley, 2009 WL 1562239 at * 5. In other words, the failure to include a step at the base of the battery box did not, in and of itself, render the truck defective. Since any of the three aforementioned configurations would not have been defective, and Mr. Medley still would have fallen from those configurations if he stepped backward off the battery box, no rational juror could find that the defects relating to the gap between the steps in the back-of-cab access system and the brackets on the top fuel tank step were the cause in fact of his injuries. Therefore, the Court did not commit clear error by granting summary judgment on the design defect claim, and Plaintiffs' request for reconsideration of that ruling will be denied.

    *ii.*    ***Failure to Warn***

Plaintiffs also contend that the Court erred in granting summary judgment on their failure to warn claim based on its holdings that (1) the risk of falling from the truck platform to the ground was "open and obvious," and (2) a decal affixed to the top of the battery box, which stated "[w]arning, not a step," gave adequate notice of that risk. In doing so, Plaintiffs present

10

no new evidence that the risk was not obvious or the warnings adequate, but simply rehash the arguments contained in their filings relating to the earlier summary judgment proceeding. For the same reasons stated in the Court's June 1, 2009 Opinion, those argument are unavailing.

Plaintiffs do not dispute that Mr. Medley knew that there was no step at the base of the battery box on the truck he was driving the day of his accident; he conceded as much in his deposition testimony. (Medley Dep. 63:5-17.) They persist in arguing that the risk of falling from the platform was not "open and obvious," however, relying on testimony by their expert, Mr. Alexander, that it is difficult to ascertain whether such a step exists while standing on the platform. That testimony is not credible. Mr. Medley could have determined whether there was a step at the base of the battery box by leaning over the edge of the platform and visually inspecting the area, but he has admitted that he did not do so. (Id. at 78:7-79:17.) No reasonable juror could conclude that the risk of falling from a raised platform such as the one on Mr. Medley's truck – a risk that is as well-known to the general public as the fact that touching a hot stove might burn one's hand or playing with a loaded firearm might result in an untimely demise – was not "open and obvious," and therefore required Freightliner to bear the burden of warning all foreseeable users of its equipment that the combination of height, gravity, and hard pavement would lead to injuries if one stepped off the platform without first assuring that one's foot would meet something other than thin air. See Matthews v. Univ. Loft Co., 903 A.2d 1120, 1124 (N.J. Super. App. Div. 2006) (holding that the trial court should have granted summary judgment on failure to warn claims brought by college student after falling out of bunk bed because the risk of falling from the raised bed platform was "open and obvious"). Therefore, Plaintiffs' request for reconsideration of the grant of summary judgment on the failure to warn claim will be denied.

Even if the Court were to accept the argument that the risk of falling from the platform was not "open and obvious," the fact that Freightliner included a decal on the battery box warning users that it was "not a step" would be fatal to Plaintiffs' failure to warn claim. Under New Jersey law, a manufacturer may avoid liability "for harm caused by a failure to warn if the product contains an adequate warning or instruction." N.J. Stat. Ann. § 2A:58C-4. Given Mr. Medley's deposition testimony that he would have noticed the decal and heeded its warning if he had looked down before stepping off the battery box, (Medley Dep. 78:7-79:17), there is no dispute that the warning in this case was adequate. Therefore, the Court's grant of summary judgment on the failure to warn claim was appropriate, and Plaintiffs' Motion for Reconsideration will be denied.

### III.  CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Reconsideration is denied. The Court will enter an order implementing this opinion.


        s/ Dickinson R. Debevoise_____
DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated: July 14, 2009